CDF LABOR LAW LLP
Brent M. Giddens, State Bar No. 133652
bgiddens@cdflaborlaw.com
Amy S. Williams, State Bar No. 228853
awilliams@cdflaborlaw.com
Brian E. Cole II, State Bar No. 305830
bcole@cdflaborlaw.com
18300 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 622-1661

Attorneys for Defendants
CALERES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RYAN CAMACHO, an individual,

Plaintiff,

vs.

CALERES, INC., a corporation; and DOES 1-50,,

Defendant.

Case No. 5:22-cv-1028

(Removal from San Bernardino County Superior Court, Case No. CIVSB2208565)

**DEFENDANT CALERES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, and 1446**

Action Filed: April 27, 2022

TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant CALERES, INC., by and through its counsel of record, hereby removes this action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California based on the original jurisdiction of this Court under 28 U.S.C. §§ 1332 and 1441(b) and 1446. In support of this removal, Defendant states as follows:

## I. STATE COURT ACTION

1. On or about April 27, 2022, Plaintiff Ryan Camacho commenced this action by filing an unverified Complaint in the Superior Court of California, County of San Bernardino, Case No. CIVSB2208565, against Caleres, Inc., a New York Corporation. A true and correct copy of the Complaint is attached hereto as **Exhibit A**. (*See* Declaration of Amy S. Williams filed concurrently herewith ("Williams Decl.") at ¶ 2.)

2. The Complaint asserts claims against Defendant for (1) disability discrimination in violation of Fair Employment and Housing Act ("FEHA"); (2) failure to engage in the interactive process in violation of FEHA; (3) failure to accommodate a disability in violation of FEHA; (4) retaliation in violation of FEHA; (5) failure to prevent discrimination and retaliation in violation of FEHA; and (6) wrongful termination in violation of public policy. (*See generally,* **Ex. A**, Plaintiff's Complaint.)

3. Plaintiff served the Complaint on Defendant CALERES, INC. on May 24, 2022. (*See* Williams Decl., ¶ 3.) Defendant CALERES, INC. timely filed this Notice of Removal within thirty days of the service of the Summons and Complaint. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). On June 23, 2022, Defendant CALERES, INC., filed and served its Answer to Plaintiff's

Complaint in the State Court Action. A true and correct copy of Defendant CALERES, INC.'s Answer is attached hereto as **Exhibit B**. (*See* Williams Decl., ¶ 4.)[1] The following is a short and plain statement of the grounds for removal:

## II. JURISDICTION

4. This Court has original jurisdiction over this Action under 28 U.S.C. sections 1332(a), 1441 and 1446 as this dispute is between citizens of different states and the amount in controversy is greater than $75,000, as set forth more fully below.

## III. SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF U.S.C. § 1446

5. In accordance with 28 U.S.C. section 1446(a), this Notice is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of San Bernardino is located within the Central District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). Further, **Exhibits A-C** attached hereto constitute a copy of all processes, pleadings, and orders served upon Defendant or that are part of the record in the State Court Action. (*See* Williams Decl., ¶¶ 2-5.)

6. As required by 28 U.S.C. § 1446(b), this Notice of Removal was filed within 30 days after Defendant was served with a copy of Plaintiff's Complaint.

7. In accordance with 28 U.S.C. section 1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in the County of San Bernardino and with the Clerk of the United States District Court for the Central District of California. True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

[1] Defendant will submit to this Court a conformed copy of the Answer once the conformed version becomes available.

**IV. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**

8. Plaintiff's claims as alleged in the Complaint are removable under 28 U.S.C. section 1332(a) (diversity of citizenship). Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. *Id.*

**A. The Court Should Disregard The Citizenship Of Doe Defendants**

9. The citizenship of fictitiously named "Doe" defendants is to be disregarded for the purposes of removal based on diversity jurisdiction under 28 U.S.C. §1441(a). *See* 28 U.S.C. §1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also, Fristoe v. Reynolds Metals, Co*., 615 F. 2d 1209, 1213 (9th Cir. 1980) ("defendants sued as 'Does' need not be joined in a removal petition").

**B. The Parties Are Completely Diverse**

10. Traditional diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

11. For diversity purposes, an individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

12. The Complaint alleges that "Plaintiff Camacho is an individual residing in the State of California." (Ex. A, Plt.'s Complaint, ¶ 1.) Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal.

13. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." The United States Supreme Court

established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 78. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

14. The Complaint alleges that "Defendant CALERES is a New York corporation organized and existing under the laws of the State of New York and Plaintiff's employer at all relevant times herein mentioned." (Ex. A, Plt.'s Complaint, ¶ 2.) Indeed, both now and at the time that this action commenced, Defendant CALERES, INC. was and is incorporated in the State of New York with its principal place of business located in the State of Missouri where its business operations are directed, controlled, and coordinated. (*See* Declaration of Thomas Burke filed concurrently herewith ("Burke Decl.") at ¶ 3.) At all material times, Defendant CALERES, INC. has been a citizen of the State of New York and the State of Missouri, and not of the State of California, as it is neither incorporated in California nor does it maintain its principal place of business in California.

15. The citizenship of fictitiously named "Doe" defendants is to be disregarded for the purposes of removal based on diversity jurisdiction. 28 U.S.C. §1441(a).

16. Accordingly, complete diversity exists pursuant to 28 U.S.C. §1332(a).

## V. THE JURISDICTIONAL MINIMUM IS SATISFIED

17. The Complaint explicitly specifies that the amount-in-controversy exceeds $75,000, as required by 28 U.S.C. section 1332(a). The Complaint states in the Prayer for Relief that the Plaintiff seeks "general, special, compensatory damages in the amount of $175,000" and "emotional distress damages [of] $150,000." (Ex. A,

Plt.'s Complaint, Prayer for Relief, (a) and (c).)[2] Here, the Complaint specifies an amount of damages of $325,000, which well exceeds the amount-in-controversy required for removal. Moreover, Plaintiff seeks additional damages that are not specified in the Complaint, such as, punitive damages and attorneys' fees where recoverable by statute, which are also included in the Court's determination of whether the jurisdictional minimum is met. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

18. Plaintiff seeks punitive damages. (*See* Ex. A, Plt.'s Complaint, Prayer for Relief, (b).) It is "well established that punitive damages are part of the amount in controversy for a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). District courts have held that punitive damages in employment cases can regularly exceed $20,000 and "may alone satisfy the amount in controversy." *Castle v. Lab. Corp. of Am.*, 2017 U.S. Dist. LEXIS 73701, at *14-15 (*citing Ko v. Square Group, LLC*, Case No. BC 487739 (Sup. Ct. Cal. June 16, 2014) (discrimination case; punitive damages $500,000); *Stevens v. Von Companies, Inc.*, Case No. SC041162, 2006 WL 4543812 (Sup. Ct. Cal. Oct. 1, 2006) (discrimination case; punitive damages $475,000).

19. Plaintiff also seeks attorneys' fees and costs of suit. (*See* Ex. A, Plt.'s

---

[2] "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "A removing defendant … need only allege facts sufficient to establish a party's citizenship in its notice of removal; it need not adduce evidence supporting those facts." *Zeppeiro v. Green Tree Servicing, LLC*, 2014 WL 12596312, at *6 (C.D. Cal. June 16, 2014); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (A notice of removal is sufficient "if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC § 1332. …").

Complaint, Prayer for Relief, (d) and (f).) *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (holding that claims for statutory attorneys' fees must be included in the amount in controversy, even if such an award is discretionary); *see also Gaines v. Costco Wholesale Corp.*, 2021 WL 3077463, at *2 (E.D. Cal. July 21, 2021) ("even in instances where fees do not exceed damages, case law shows that attorneys' fees regularly exceed $100,000 in discrimination cases under California law.")

20. The evidence demonstrates that Plaintiff's potential recovery will exceed the jurisdictional minimum of $75,000. Other courts have found the jurisdictional amount satisfied in employment lawsuits where the specified damages were less than the damages Plaintiff seeks here. *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. July 2, 2002) (jurisdictional minimum was satisfied in an employment discrimination case where plaintiff's lost wages totaled $25,600, but plaintiff, also sought unspecified amounts in attorney's fees, punitive damages, and emotional distress damages); *White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (jurisdictional minimum was satisfied in a wrongful termination case even though Plaintiff had only specified $13,000 in damages from lost income because plaintiff also sought unspecified amounts for loss of pay, impaired earning capacity, pre-judgment interest, court costs, and emotional distress, attorneys' fees and punitive damages); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1996) (former $50,000 jurisdictional minimum was met where the plaintiff sought approximately $30,000 for violation of contract, as well as additional tort damages and punitive damages). Accordingly, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction. *See Sanchez*, 102 F.3d at 403-404.

## VI. CONCLUSION

21. Based on the foregoing, this Court has jurisdiction on grounds of diversity of citizenship pursuant to U.S.C. sections 1332(a) and 1441(a). Thus,

removal to federal court is proper.

22. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant CALERES, INC. requests that the Court issue an Order to Show Cause so that Defendant CALERES, INC. may have the opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendant CALERES, INC. removes this action to this Court.

Dated: June 23, 2022

CDF LABOR LAW LLP

By: Brent Giddens

Brent M. Giddens
Attorneys for Defendant CALERES, INC.