# EXHIBIT A

1  MARLIS PARK, P.C.
   Young K. Park SB# 287589
2    E-Mail: young@marlispark.com
   Alejandro E. Rosa SB# 340410
3    E-Mail: alejandro@marlispark.com
   3600 Wilshire Boulevard, Suite 1815
4  Los Angeles, CA 90010
   Tel: 323-922-2000
5  Fax: 323-922-2000

6

7  Attorneys for Plaintiff,
   RYAN CAMACHO

8

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 27 2022

*Rachel Torres*

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10               **FOR THE COUNTY OF SAN BERNARDINO**

11                                    **CIV SB 2 2 0 8 5 6 5**

12  RYAN CAMACHO, an individual;          **COMPLAINT FOR DAMAGES**

13       Plaintiff,                        (1) DISABILITY DISCRIMINATION IN
                                               VIOLATION OF THE FEHA
14       vs.                              (2) FAILURE TO ENGAGE IN THE
                                               INTERACTIVE PROCESS IN
15  CALERES, INC., a corporation; and DOES 1     VIOLATION OF THE FEHA
16  through 50,                           (3) FAILURE TO ACCOMMODATE
                                               DISABILITY IN VIOLATION OF
17       Defendants.                           THE FEHA
                                          (4) RETALIATION IN VIOLATION OF
18                                             THE FEHA
                                          (5) FAILURE TO PREVENT
19                                             HARASSMENT, DISCRIMINATION,
                                               OR RETALIATION IN VIOLATION
20                                             OF CAL. GOV. CODE § 12940
                                          (6) WRONGFUL TERMINATION IN
21                                             VIOLATION OF PUBLIC POLICY
22
23                                        **DEMAND FOR JURY TRIAL**
24
25       Plaintiff RYAN CAMACHO (hereinafter "CAMACHO" or "Plaintiff") for his Complaint

26  against Defendants CALERES, INC., a corporation; and DOES 1 through 50 (hereinafter

27  "CALERES" and collectively "Defendants") alleges as follows:

28

- 1 -
COMPLAINT FOR DAMAGES



RECEIVED

APR 27 2022

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

CIV SB 2 2 0 8 5 6 5

## PARTIES

1. Plaintiff CAMACHO is an individual residing in the State of California. Plaintiff CAMACHO was an employee of Defendant CALERES at all relevant times herein mentioned.

2. On information and belief, Defendant CALERES is a New York corporation organized and existing under the laws of the State of New York and Plaintiff's employer at all relevant times herein mentioned.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 50, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint by inserting the true names and capacities of each such Defendants, with appropriate charging allegations, when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as "DOE" is responsible in some manner for the injuries suffered by Plaintiff and for damages proximately caused by the conduct of each such Defendants as herein alleged.

4. Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and/or agents, and are liable for the wrongful conduct of its employees and/or agents as alleged herein.

5. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, each defendant was an alter-ego of each and every other defendant. Unity of interest and ownership existed such that the separate personalities each of defendant never existed or ceased to exist. Further, if the acts are treated as those of one of the defendants alone, an inequitable result will follow. Accordingly, Plaintiff alleges that each defendant was an alter-ego of each and every other defendant and vice versa.

6. By way of this lawsuit, Plaintiff seeks to pierce the corporate veil and hold individual defendant liable for the acts of his alter ego. Individual defendant held and now holds substantial interest in corporate defendants and should therefore be deemed to be corporate defendants' alter ego. Corporate defendants were, and now still are, mere shells and naked frameworks which individual defendant used, and now uses, as a conduit for the conduct of his personal business

- 2 -
COMPLAINT FOR DAMAGES

CIV SB 2 2 0 8 5 6 5

1    and/or property affairs and/or obligor for the assumption of obligations and/or liabilities

2    incapable of performance by said corporate and/or entity defendants, which are the obligations

3    and liabilities of individual defendant.

4   7. Plaintiff is informed and believes and thereon alleges that at all times material herein Defendant

5    employed and continues to employ five (5) or more persons in California and is an employer

6    covered by the Fair Employment and Housing Act ("FEHA") and the California Labor Code.

7   8. Plaintiff has exhausted his administrative remedies. Plaintiff timely filed charges against

8    Defendant with the California Department of Fair Employment and Housing on April 26, 2022

9    and received a "Right-to-Sue" notice.

10    **VENUE AND JURISDICTION**

11   9. This Court has jurisdiction over this matter because Defendants conduct business in, and have

12    substantial contacts, within the State of California. Venue is proper in the County of San

13    Bernardino because Plaintiff performed work for Defendants in the County of San Bernardino

14    and Defendants are headquartered in San Bernardino County, State of California.

15    **FACTUAL ALLEGATIONS**

16   10. CAMACHO worked for CALERES from November 2019 until he was wrongfully terminated

17    on March 4, 2022.

18   11. CAMACHO worked as a Maintenance Technician II at CALERES's distribution center located

19

20    at 8985 Merrill Avenue, Chino, California 91710 and earned $26.00 per hour. His job duties

21    included maintaining conveyer belts, numatic systems, and other equipment at the distribution

22    center. CAMACHO generally worked Monday through Friday, from 7:00 to 3:30 p.m.

23   12. In January 2021, CAMACHO was involved in a car accident, which resulted in several injuries

24    including nine herniated disks. As a result of his injuries, CAMACHO was placed off work on

25    March 3, 2021.

26   13. On March 4, 2022, Camacho received a letter from Michelle Razo, Manager, Human Resources

27    Business Partner, Logistics, which indicated that CAMACHO had exhausted his disability

28    leave, and, as a result, was terminated effective immediately. However, the letter acknowledged

- 3 -
COMPLAINT FOR DAMAGES

CIV SB 2 2 0 8 5 6 5

1   that CAMACHO had provided a medical certification which extended his medical leave

2   through April 15, 2022.

3   14. Therefore, CAMACHO was terminated because he had a disability and/or perceived disability,

4      because he requested accommodations, and/or because he was placed on leave from work.

5

6   15. As a result of his termination, CAMACHO lost and continues to lose income. In addition,

7      CAMACHO suffers from emotional distress, depression, anxiety, panic, and generalized stress.

8 <b><u>FIRST CAUSE OF ACTION</u></b>

9 <b>DISABILITY DISCRIMINATION</b>

10 <b>[Govt. Code § 12940(a), et seq.]</b>

11 <b>(Against All Defendants)</b>

12  16. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

13  17. At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), Government

14     Code § 12940, et seq., was in full force and effect and binding on Defendants. These statutes

15     make it unlawful to discriminate against an employee on-the-basis of a disability.

16

17  18. Defendant discriminated against Plaintiff on-the-basis of Plaintiff's disability by terminating his

18     employment while he was disabled. Plaintiff provided Defendant with the necessary medical

19     certification to extend his leave. As such, Defendant was aware of Plaintiff's disability yet did

20     not accommodate him. Instead, Defendant terminated Plaintiff.

21  19. As a proximate result of Defendants' willful, knowing and intentional discrimination of

22     Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other

23     benefits.

24

25  20. As a proximate result of Defendants' willful, knowing and intentional discrimination of

26     Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

27     mental and physical pain and anguish, all to his damage in a sum according to proof.

28

- 4 -
COMPLAINT FOR DAMAGES

CIV SB 2 2 0 8 5 6 5

21. Plaintiff is informed and believes and thereon alleges that Defendants' actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were carried out by Defendants' managing agents and/or ratified by Defendants. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial as well as attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

**[California Government Code § 12940(n)]**

**(Against All Defendants)**

22. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

23. As described herein, Defendants failed to engage in a good-faith interactive process with Plaintiff to determine wither it would be possible to implement effective reasonable accommodations.

24. As a proximate result of Defendant's failure to engage in a good-faith interactive process, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits. Plaintiff has further suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

25. Plaintiff is further entitled to recovery attorneys' fees pursuant to the provision of Government Code § 12940, et seq.

## THIRD CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA

**[Govt. Code § 12940(m)]**

**(Against All Defendants)**

26. Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth herein.

27. Under the FEHA, Defendants are required to engage in a timely, good faith, interactive process with an employee it believes has a disability or who, in fact, has a disability, to determine if that employee needs reasonable accommodations to perform the job.

- 5 -

COMPLAINT FOR DAMAGES

CIV SB 2 2 0 8 5 6 5

28. By engaging in the course of conduct as alleged above, Defendants failed to provide Plaintiff with reasonable accommodations and it failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations to the extent he needed them in violation of the applicable provisions of Government Code §§ 12940, *et seq.*

29. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

30. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof. Plaintiff is further entitled to recover attorneys' fees pursuant to the provisions of Government Code §§ 12940, *et seq.*

### **FOURTH CAUSE OF ACTION**
### **RETALIATION IN VIOLATION OF THE FEHA**
### **[California Government Code §12940]**
### **(Against All Defendants)**

31. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

32. At all times herein mentioned, Cal. Gov. Code § 12940, et seq. ("the FEHA") was in full force and effect and binding on Defendants. Accordingly, Defendants were required to refrain from retaliating against Plaintiff for engaging in activities protected under the FEHA, including but not limited to, taking a medical leave, requesting medical leave and/or complaining about harassment.

- 6 -
COMPLAINT FOR DAMAGES

Exhibit A
Page 000018

CIV SB 2 2 0 8 5 6 5

33. Defendant's conduct described above is in violation of various statutes of this state, including but not limited to, California Government Code § 12940(m). Plaintiff engaged in protected activities and was subsequently terminated for doing so.

34. As a direct and legal result of Defendant's retaliation against Plaintiff, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to, substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, in an amount according to proof.

35. The retaliation described herein was wrongful and justifies the imposition of punitive damages since the retaliation was against public policy. Defendants committed the acts herein maliciously, fraudulently and oppressively, with an evil intent and sinister plans with the wrongful intention of injuring Plaintiff, and/or in conscious disregard of Plaintiff's rights by retaliating against Plaintiff after complaining that he was being harassed. Moreover, Plaintiff is informed and believes and thereon alleges that Defendants had in place policies and procedures that specifically required Defendants' managers, officers, and agents, to prevent retaliation against employees for exercising their rights under the FEHA. Defendants' managers, officers and/or agents were aware of Defendants' policies and procedures requiring Defendants' managers, officers and agents to prevent retaliation against and upon employees of Defendant for exercising their rights under FEHA. However, Defendants' managers, officers, and/or agents, chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Plaintiff should therefore be awarded exemplary punitive damages against Defendants in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such

- 7 -
COMPLAINT FOR DAMAGES

CIV SB 2 2 0 8 5 6 5

1   conduct. Based on the foregoing, Plaintiff is entitled to recover punitive damages from

2   Defendants in an amount according to proof.

### FIFTH CAUSE OF ACTION

**FAILURE TO PREVENT HARASSMENT, DISCRIMINATION OR RETALIATION**

**[California Government Code § 12940(k)]**

**(Against All Defendants)**

36. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

37. The FEHA requires employers to take all reasonable steps to prevent harassment, retaliation and discrimination including the institution by employer of policies, procedures and practices that include prompt and effective remedial procedures, and appropriate training, monitoring and disciplinary measures.

38. Defendants' policies, procedures and practices were inadequate for preventing, monitoring and remediation of harassment and retaliation. To the extent any such policies, procedures and practices existed, employees, including supervisors, were insufficiently trained or made aware of those policies and procedures for the policies and procedures to prevent retaliation and discrimination from occurring. Once Defendants were made aware of harassing conduct as reported by Plaintiff, they failed to take appropriate measures to prevent further harassment and retaliation.

39. As a direct, foreseeable, and proximate result of Defendants conduct, Plaintiff has suffered lost income, employment career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

40. As a direct foreseeable and proximate result of Defendants conduct, Plaintiff has suffered emotional distress, the precise amount of which will be proven at trial.

41. The conduct which Plaintiff complains of in this Complaint was carried out by Defendants willfully, intentionally, and with oppression, malice and fraud and was carried out with

- 8 -

COMPLAINT FOR DAMAGES

CIV SB 2 2 0 8 5 6 5

1    conscious disregard of Plaintiff's rights. Plaintiff is entitled to an award of punitive damages

2    according to proof. Under the FEHA, Plaintiff is entitled to an award of reasonable attorneys'

3    fees and costs.

### SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

#### (Against All Defendants)

42. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

43. As described herein, Plaintiff's employment was terminated in violation of the fundamental
    public policies of the State of California including those set out in the California Fair
    Employment and Housing Act and the California Constitution. Specifically, Plaintiff's
    employment was terminated in violation of the FEHA as described above.

44. As a direct and foreseeable result of the aforesaid acts of Defendants, Plaintiff lost and will
    continue to lose income and other benefits in an amount to be proven at trial. Plaintiff seeks
    back pay, front pay, and all other appropriate remedies. Plaintiff also incurred attorneys' fees
    and thereby claims such amount as damages, together with pre-judgment interest.

45. Because the acts taken toward Plaintiff by Defendant were deliberate, malicious and undertaken
    to injure Plaintiff, Plaintiff requests an assessment of punitive damages in an amount to be
    proven at trial.

- 9 -

COMPLAINT FOR DAMAGES

CIV SB 2 2 0 8 5 6 5

1    **PRAYER FOR RELIEF**

2        WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

3    (a)  For general, special, compensatory damages in the amount of $175,000;

4    (b)  For exemplary and punitive damages;

5    (c)  For emotional distress damages $150,000;

6    (d)  For reasonable attorneys' fees;

7    (e)  For pre-judgment and post-judgment interest at the maximum legal rate;

8    (f)  For costs of suit incurred;

9    For such other and further relief as the Court deems just and proper

10

11   DATED: April 26, 2022                    MARLIS PARK, P.C.

12

13

14                                   By: _____

15                                        Young K. Park
                                          Alejandro E. Rosa
16                                        Attorneys for Plaintiff,
                                          RYAN CAMACHO
17

18

19

20

21

22

23

24

25

26

27

28

- 10 -
COMPLAINT FOR DAMAGES

Exhibit A
Page 000022

CIV SB 2 2 0 8 5 6 5

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims.

DATED: April 26, 2022

MARLIS PARK, P.C.

By: _____
Young K. Park
Alejandro E. Rosa
Attorneys for Plaintiff,
RYAN CAMACHO

- 11 -
COMPLAINT FOR DAMAGES



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                GAVIN NEWSOM, GOVERNOR
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 26, 2022

YOUNG PARK

,

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202204-16817326
      Right to Sue: CAMACHO / CALERES, INC.

Dear YOUNG PARK:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

Exhibit A
Page 000025



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                     GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                     KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

April 26, 2022

RE:  **Notice of Filing of Discrimination Complaint**
     DFEH Matter Number: 202204-16817326
     Right to Sue: CAMACHO / CALERES, INC.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.


Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Form DFEH-ENF 80 RS (Revised 02/22)

Exhibit A
Page 000026



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

April 26, 2022

RYAN CAMACHO

,

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202204-16817326
        Right to Sue: CAMACHO / CALERES, INC.

Dear RYAN CAMACHO:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 26, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Form DFEH-ENF 80 RS (Revised 02/22)

Exhibit A
Page 000029



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

Exhibit A
Page 000030

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
RYAN CAMACHO                                    DFEH No. 202204-16817326

                              Complainant,

vs.

  CALERES, INC.

  ,

                              Respondents

_____

**1.** Respondent **CALERES, INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **RYAN CAMACHO**, resides in the City of , State of .

**3.** Complainant alleges that on or about **March 4, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated.

**Additional Complaint Details:** 10.  CAMACHO worked for CALERES from November 2019 until he was wrongfully terminated on March 4, 2022.
11.     CAMACHO worked as a Maintenance Technician II at CALERES's distribution center located at 8985 Merrill Avenue, Chino, California 91710 and earned $26.00 per hour. His job duties included maintaining conveyer belts, numatic systems, and other equipment

-1-
*Complaint – DFEH No. 202204-16817326*

Date Filed: April 26, 2022

Form DFEH-ENF 80 RS (Revised 02/22)



1  at the distribution center. CAMACHO generally worked Monday through Friday, from 7:00 to 3:30 p.m.

2  12.      In January 2021, CAMACHO was involved in a car accident, which resulted in several injuries including nine herniated disks. As a result of his injuries, CAMACHO was

3  placed off work on March 3, 2021.

   13.      On March 4, 2022, Camacho received a letter from Michelle Razo, Manager, Human

4  Resources Business Partner, Logistics, which indicated that CAMACHO had exhausted his disability leave, and, as a result, was terminated effective immediately. However, the letter

5  acknowledged that CAMACHO had provided a medical certification which extended his medical leave through April 15, 2022.

6  14.      Therefore, CAMACHO was terminated because he had a disability and/or perceived

7  disability, because he requested accommodations, and/or because he was placed on leave from work.

8  15.      As a result of his termination, CAMACHO lost and continues to lose income. In addition, CAMACHO suffers from emotional distress, depression, anxiety, panic, and

9  generalized stress.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-2-

*Complaint – DFEH No. 202204-16817326*

27

Date Filed: April 26, 2022

28

Form DFEH-ENF 80 RS (Revised 02/22)



1 | VERIFICATION

2 | I, **YOUNG PARK**, am the **Attorney** in the above-entitled complaint.  I have read the
3 | foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

4 | On April 26, 2022, I declare under penalty of perjury under the laws of the State of
5 | California that the foregoing is true and correct.

6 | **LOS ANGELES, CA**

-3-
*Complaint – DFEH No. 202204-16817326*

Date Filed: April 26, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

Exhibit A
Page 000033



RECEIVED

APR 27 2022

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT